UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MIRIAM Mc KNIGHT.
                Plaintiff

v

CITY OF ROCHESTER, NEW YORK
G VASIL, M. NICHOLLS and L. GRANDE
                Defendants



COMPLAINT
INDEX NO.

11-CV-6328

Plaintiff by her attorney, E. Robert Fussell, as and for her Complaint against the defendants herein alleges:

1. Plaintiff is a resident of the State of New York. Pursuant to 28 USC Sections 1331, 1343 and 1367 this court has jurisdiction over her 42 USC 1983 Cause of Action, and over all the other causes of action delineated in this Complain t as they derive from the same case or controversy and are supplemental to it.

2. At all times mentioned herein plaintiff has resided at 232 Pierpoint Street, Rochester, New York.

3. Upon information and belief, the individual defendants were at al times hereinafter mentioned residents, and/or employees, of the City of Rochester, County of Monroe, State of New York. The principal place of business in the City of Rochester, County of Monroe New York. The address of the Defendant City of Rochester, the employer of the individual defendants, is 30 Church Street Rochester, New York 14614. Defendant City of Rochester was at all times hereinafter mentioned a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York with offices for the conduct of its business located in the City of Rochester, County of Monroe, State of New York

4. On July 3, 2010 the defendant's police officer employees at or about 232 Pierpoint Street Rochester, New York, including, on information and belief, the defendants officer G Vasil, Sgt M. Nicholls and Lt. L.Grande, while in the

employ of and performing work for the defendant City, and while acting within the scope of their employment, intentionally and wantonly trespassed upon the plaintiff's home property, and intentionally and maliciously battered, and, together with other employees of the defendant City, intentionally and maliciously falsely arrested, maliciously prosecuted, kidnapped, abused the legal process, violated the civil rights of, and otherwise committed torts against the plaintiff. The defendant's employees had no legal right to commit any of these acts upon the plaintiff. The intentional nature of the acts of the defendants demands verdicts against them for punitive damages.

5. The defendants thereby intentionally and maliciously inflicted serious physical, psychic and emotional injuries upon the plaintiff, which included, but are not limited to, the humiliation of unjust criminal accusations, the frustration of being forced to defend herself against these baseless charges, and the separation from her husband and children

6. Plaintiff has served a Notice of Claim upon the defendant, the City of Rochester for adjustment, which was received by the defendant on or before 9-30-10, within 90 days after the claim arose.

7. More than thirty days have elapsed since service of the Notice of Claim and defendant City of Rochester has failed and refused to make any adjustment of the claim, causing plaintiff to commence this action by filing this Complaint and serving a copies of it on defendants.

8. This action has been commenced within one year and ninety days after the cause of action accrued.

9. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## FIRST CAUSE OF ACTION

9. The plaintiff repeats all allegations made heretofore in this Complaint.

10. On July 3, 2010 at about 11:15 p.m. the defendants, specifically the individual defendants, and the City, through the individual defendants, intentionally trespassed upon the residence of the plaintiff by coming up onto the porch of her residence, and defacing

2

her home by, among other acts, taping her porch. (The plaintiff had previously called 911 to report a possible stabbing in her neighborhood, but the stabbing did not taken place on her property.)

### SECOND CAUSE OF ACTION

11. The plaintiff repeats all allegations made heretofore in this Complaint.

12. Defendant's police officer employees thereafter on 7-3-10 intentionally and maliciously battered the plaintiff by striking her body, pepper spraying her body, forcibly handcuffing her hands behind her back, and kidnapped her by forcibly pushing her off of her property and into a police vehicle. Among the injuries she suffered were lacerations to her left arm, which resulted in permanent scarring. She also was temporarily blinded and suffered severe pain in one of her eyes.

### THIRD CAUSE OF ACTION

13. The plaintiff repeats all allegations made heretofore in this Complaint .

14. The defendant's thereafter, on 7-3-10 intentionally and maliciously falsely arrested the plaintiff by falsely charging her with the crimes of Obstructing Governmental Administration in the Second Degree and Resisting Arrest.

### FOURTH CAUSE OF ACTION

15. The plaintiff repeats all allegations made heretofore in this Complaint.

16. The defendants then intentionally and maliciously forced the plaintiff to accompany them to the Monroe County jail where she was intentionally and maliciously falsely imprisoned, without probable cause, by being forcibly booked, finger printed, and forced to remain incarcerated until the following morning.

### FIFTH CAUSE OF ACTION

17. The plaintiff repeats all allegations made heretofore in this Complaint .

18. The defendant's employees thereafter intentionally and maliciously caused criminal informations to be filed against plaintiff and maliciously prosecuted the

plaintiff for the two charges listed above, commencing on 7-3-10 until the charges were dismissed in about February 2011.

### SIXTH CAUSE OF ACTION

19. The plaintiff repeats all allegations made heretofore in this Complaint .

20. The defendants intentionally and maliciously abused the legal process by prosecuting the plaintiff for the improper purpose of attempting to hide and justify their improper treatment of plaintiff when they trespassed on plaintiff's home, and committed battery, false arrest, false imprisonment, malicious prosecution against her, and violated plaintiff's civil rights for no legitimate law enforcement purposes.

### SEVENTH CAUSE OF ACTION

21. The plaintiff repeats all allegations made heretofore in this Complaint .

22. The defendants, at the times and places indicated were acting under color of law of the State of New York and deprived plaintiff of the privileges and immunities guaranteed to every citizen of the United States by the United States Constitution including Amendment 5 and Section 1 of Amendment 14, and by reason thereof this Court has jurisdiction over the plaintiff's claims for violation of her Federal Civil rights, pursuant to the provisions of 42 U.S.C. 1983.

### EIGHTH CAUSE OF ACTION

23. The plaintiff repeats all allegations made heretofore in this Complaint.

24. On information and belief the defendant City of Rochester negligently failed to properly investigate the defendant officers involved in the mistreatment of the plaintiff as heretofore described in this Complaint before hiring them, negligently instructed, negligently trained and negligently supervised them resulting in the tortuous and other actionable behavior heretofore described in this Complaint.

WHEREFORE, plaintiff demands judgment against the defendants for all the physical, emotional and other damages she endured and will endure in the future, and for punitive damages against the defendants, together with the costs and disbursements of this action.

_____

E. ROBERT FUSSELL ESQ.

46 Wolcott Street, Suite One

Le Roy New York 14482

585 768 2240

gasholic@geneseeit.com