UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────────

MIRIAM MCKNIGHT,

              Plaintiff,

        v.

CITY OF ROCHESTER, et al.,

              Defendants.

───────────────────────────────────────────

DECISION & ORDER

11-CV-6328P

**PRELIMINARY STATEMENT**

      Plaintiff Miriam McKnight has sued the City of Rochester and two of its police officers, Gregory Vasil and Sergeant Michael Nicholls,[1] alleging violations of her constitutional rights under 42 U.S.C. § 1983 and asserting various state law claims. (Docket # 1). The claims arise out of McKnight's arrest from the front porch area of her home on July 3, 2010. Pursuant to 28 U.S.C. § 636(c), the parties have consented to the disposition of this case by a United States magistrate judge. (Docket # 11).

      Currently pending before the Court are both parties' motions for summary judgment. (Docket ## 41, 46). By separate order following oral argument on the motions, the Court granted in part and denied in part the parties' motions pertaining to various of McKnight's claims, but reserved on their motions for judgment on her state law claim against the City for negligent hiring, training and supervision. (Docket # 56). Familiarity with the facts of this case as this Court recounted them in its December 11, 2014 bench decision is assumed.

───────────────

[1] The complaint also asserted claims against Lieutenant Laura Grande, however the Court granted her motion for summary judgment and dismissed the claims against her. (Docket # 56).

## ANALYSIS

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reaching this determination, the court must assess whether there are any disputed material facts and, in so doing, must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Coach Leatherware Co., Inc. v. AnnTaylor, Inc.*, 933 F.2d 162, 166-67 (2d Cir. 1991). A fact is "material" only if it has some effect on the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248; *Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92, 97 (2d Cir. 2000). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see also Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d at 97.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact, after which the non-moving party must come forward with sufficient evidence to support a jury verdict in its favor; the motion will not be defeated based upon conjecture, surmise or the existence of "metaphysical doubt" concerning the facts. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)), *cert. denied*, 502 U.S. 849 (1991). The party seeking to avoid summary judgment "must do more than make broad factual allegations and invoke the appropriate statute. The [party] must also show, by affidavits or as otherwise provided in Rule 56 . . . , that there are specific factual issues that can only be resolved at trial." *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995); *see also Driscoll v. Townsend*, 60 F. Supp. 2d 78, 80 (W.D.N.Y. 1999).

>As the Second Circuit has explained:
>
>[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution . . . . [I]t must be kept in mind that only by reference to the substantive law can it be determined whether a disputed fact is material to the resolution of the dispute.

*Gallo v. Prudential Residential Serv., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).

The eighth count of McKnight's complaint asserts a claim against the City for negligent hiring, training and supervision. (Docket # 1). The City argues that this claim must be dismissed because there is no issue of fact that Vasil and Nicholls were acting within the scope of their employment and, accordingly, a claim for negligent training cannot lie. (Docket ## 46-1 at ¶¶ 29-31; 46-2 at 9). During oral argument, counsel for the City reaffirmed its position that the officers were acting within the scope of their employment at all relevant times and conceded that in the event that McKnight prevails against the officers on her state law tort claims, she also would be entitled to a judgment against the City by operation of law under the doctrine of vicarious liability.

McKnight opposes the motion, contending that the caselaw relied upon by defendants is inapplicable to her state law claim for negligent hiring, training and supervision. (Docket # 47 at ¶ 12). During oral argument, counsel for McKnight confirmed that her claim was asserted under state law and not under Section 1983. Counsel for McKnight explained that her claim essentially mirrors New York Pattern Civil Jury Instruction § 2:240 and that his interpretation of the relevant caselaw suggests that a New York state law claim for negligent hiring, training and supervision is not automatically precluded by virtue of an employer's *respondeat superior* liability. According to McKnight, she has submitted evidence establishing

that Vasil had not been properly trained when the events at issue occurred. (*Id.*). Finally, McKnight maintains that if the Court dismisses the claim against the City, the dismissal should be without prejudice to renewal in the event that the officers are ultimately determined to have been acting outside the scope of their employment. (*Id.* at ¶ 7).

"To maintain a claim against a municipal employer for negligent hiring, training and retention of a tortfeasor under New York law, a plaintiff must show that the employee acted outside the scope of her employment." *Velez v. City of New York*, 730 F.3d 128, 136-37 (2d Cir. 2013); *Perkins v. City of Rochester*, 641 F. Supp. 2d 168, 174-75 (W.D.N.Y. 2009) ("[i]t is well settled under New York law that '[a] claim for negligent hiring or supervision can only proceed against an employer for an employee acting *outside* the scope of [his] employment'") (quoting *Stokes v. City of New York*, 2007 WL 1300983, *14 (E.D.N.Y. 2007)). The rationale for this rule is that the employer's liability for the conduct of an employee acting within the scope of his employment arises under the theory of *respondeat superior*, and recovery against the employer for negligent hiring, training or retention is unnecessary. *See Perkins v. City of Rochester*, 641 F. Supp. 2d at 174-75; *see also Mahar v. U.S. Xpress Enters., Inc.*, 688 F. Supp. 2d 95, 110 (N.D.N.Y. 2010).

Although a limited exception to this rule exists where the plaintiff "is seeking punitive damages from the employer based on gross negligence in hiring, training or supervising the employee," *see Mahar v. U.S. Xpress Enters., Inc.*, 688 F. Supp. 2d at 110, McKnight's complaint is devoid of any allegation of gross negligence on the part of the City and, in any event, the City cannot be liable for punitive damages; therefore, this exception is inapplicable. *See Martinez v. Cnty. of Suffolk*, 999 F. Supp. 2d 424, 433 (E.D.N.Y. 2014) (exception inapplicable against municipality;"[i]t is [ ] well settled that the [s]tate and its political

subdivisions . . . are not subject to punitive damages ... [as] the goals of punishment and deterrence are not served when punitive damages are imposed against the [s]tate, for in such circumstances, it ultimately is the innocent taxpayer who is punished") (internal quotations omitted) (some alterations in original); *Woods v. Town of Cheektowaga*, 2012 WL 5288767, *8 (W.D.N.Y. 2012) ("because [p]laintiffs have not alleged gross negligence on the part of the [t]own, the exception to this general rule does not apply"); *Batson-Kirk v. City of New York*, 2009 WL 1505707, *13 n.4 (E.D.N.Y. 2009) (exception inapplicable to claim asserted against municipality).

In her complaint, McKnight alleges that the individual defendants, Vasil and Nicholls, were acting within the scope of their employment with the City when they committed constitutional and state law violations against McKnight. (Docket # 1 at ¶ 4). Although the City initially denied in its answer that the defendants were acting within the scope of their employment (Docket # 5 at ¶ 2), the City has since conceded that the individual defendants were acting within the scope of their employment at all relevant times.[2] (Docket ## 46-1 at ¶ 31; 46-2 at 9-10). Although "[n]ormally the question of whether a defendant employee was acting within the scope of his or her employment depends heavily on the facts and circumstances of the particular case, and thus is appropriate for a jury[,] where a defendant employer admits its employees were acting within the scope of their employment, an employer may not be held liable for negligent hiring, training and retention as a matter of law." *Rowley v. City of New York*, 2005 WL 2429514, *13 (S.D.N.Y. 2005) (internal quotation omitted); *Virgil v. Darlak*, 2013 WL 4015368, *1, 11 (W.D.N.Y. 2013) (dismissing negligent hiring, training and retention claim against employer where issue of fact had initially existed, but counsel conceded on summary

---

[2] To the extent that defendants' motion papers are unclear, counsel for the City confirmed the concession at oral argument in response to this Court's direct question.

judgment that employee was acting within scope of employment); *Akhalia v. Guardia*, 2013 WL 2395974, *6 (E.D.N.Y. 2013) ("where an employer has admitted that the employee acted within the course and scope of employment, evidence of negligent hiring, training, supervision or retention becomes unnecessary, irrelevant and prejudicial") (quoting *Lee ex rel. Estate of Lee v. J.B. Hunt Transp., Inc.*, 308 F. Supp. 2d 310, 313 (S.D.N.Y. 2004)); *Gurevich v. City of New York*, 2008 WL 113775, *6 (S.D.N.Y. 2008) ("the [c]ity concedes that the defendant officers were acting within the scope of their employment at all relevant times[;] [a]ccordingly, plaintiff's claim for negligent hiring, training, and retention is barred as a matter of law").

Although McKnight interprets the caselaw to suggest that her negligent hiring, supervision and training claim is not automatically precluded by the City's *respondeat superior* liability, McKnight has not identified and the Court has not uncovered any authority to support such an interpretation. Indeed, the commentary to the pattern jury instruction identified by counsel for McKnight during oral argument recognizes that the claim is barred where an employer is liable for the torts of the employee acting within the scope of his or her employment. *See* N.Y. Pattern Jury Instr. – Civil 2:240 ("[g]enerally, where an employee is acting within the scope of employment, thereby rendering the employer liable for any damages caused by the employee's negligence under a theory of respondeat superior, no claim may proceed against the employer for negligent hiring or retention"). Indeed, courts routinely dismiss negligent hiring, training and supervision claims asserted against municipalities arising out of the conduct of police officers who were acting within the scope of their employment. *See Velez v. City of New York*, 730 F.3d at 137 (claim against municipality arising out of conduct of its officers who were acting within the scope of their employment was properly dismissed); *Poventud v. City of New York*, 2015 WL 1062186, *18 (S.D.N.Y. 2015) (dismissing claim against municipality arising

6

out of officer conduct where city conceded that the officers were acting within the scope of their employment; [a]n employer is liable under the theory of *respondeat superior* for any damages caused by an employee's intentional or unintentional torts"); *Spear v. City of Buffalo*, 2014 WL 1053987, *11 (W.D.N.Y.) (dismissing claim for negligent hiring, training and supervision against city arising out of officer's alleged torts of battery, false arrest and false imprisonment), *report and recommendation adopted*, 2014 WL 1347759 (W.D.N.Y. 2014); *Nesheiwat v. City of Poughkeepsie*, 2013 WL 620267, *2 (S.D.N.Y. 2013) (dismissing claims against municipality for negligent training, hiring and supervision arising out of its officer's alleged conduct involving assault, battery and false imprisonment where plaintiff alleged that officers were acting within scope of employment); *Woods v. Town of Cheektowaga*, 2012 WL 5288767 at *3, 8 (dismissing claims against town arising out of its officers' alleged conduct involving battery, assault and intentional infliction of emotional distress where officers were acting within scope of employment); *Biggs v. City of New York*, 2010 WL 4628360, *10 (S.D.N.Y. 2010) ("[h]ere, there is no dispute that [the officers] were acting within the scope of their duties as police officers[;] [a]ccordingly, no claim may proceed against the [city] for negligent hiring or retention") (internal quotation omitted); *Yang Feng Zhao v. City of New York*, 656 F. Supp. 2d 375, 378, 405-06 (S.D.N.Y. 2009) (dismissing claims against city for negligent hiring, retention and supervision arising out of its officers alleged conduct involving assault, battery, intentional infliction of emotional distress, defamation and negligence; "[t]he [c]ity concedes that the individual defendants were acting within the scope of their employment when engaging in the conduct of which they are accused[;] [t]hat concession opens the [c]ity to potential *respondeat superior* liability and precludes a claim of negligent hiring, training or supervision"); *Perkins*, 641 F. Supp. 2d at 175 ("[t]here is no dispute that [the officer] was acting within the scope of his

employment as a [c]ity police officer during the incident . . . [,] and thus plaintiff's claims of negligent hiring, training and supervision must be dismissed"). Accordingly, the City is entitled to summary judgment dismissing the claim for negligent hiring, training and supervision.

## CONCLUSION

For the reasons discussed above, McKnight's motion seeking judgment in her favor on her claim against the City for negligent hiring, training and supervision (**Docket # 41**) is **DENIED,** the City's cross-motion for summary judgment dismissing McKnight's claim for negligent hiring, training and supervision (**Docket # 46**) is **GRANTED,** and the claim is **DISMISSED** with prejudice.

A **pretrial conference** will be held with the undersigned at 2310 U.S. Courthouse, 100 State Street, Rochester, New York on **April 24, 2015**, at **2:00 p.m.**

**IT IS SO ORDERED.**

                                    *s/Marian W. Payson*
                                    MARIAN W. PAYSON
                            United States Magistrate Judge

Dated: Rochester, New York
       March 30, 2015